IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENERGIZER HOLDINGS, INC., EVEREADY BATTERY COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WAHL CLIPPER CORPORATION and WAHL CLIPPER NINGBO LTD., <br><br> Defendants. | Civil Action No.: 1:12-cv-02640 <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Energizer Holdings, Inc. and Eveready Battery Company, Inc. (collectively "Energizer") alleges against Defendants Wahl Clipper Corporation and Wahl Clipper Ningbo Ltd. (collectively "Wahl" or "Defendants") as follows:

## JURISDICTION AND VENUE

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Wahl Clipper Corporation resides in this judicial district and Defendants are subject to personal jurisdiction here.

3. The Court has personal jurisdiction over the Defendants. Wahl Clipper Corporation is incorporated in the State of Illinois and resides in this judicial district. In addition, Wahl Clipper Corporation has entered into and conducted business in this judicial district and regularly avails itself of the benefits of this judicial district. On

information and belief, Defendants have entered into and conducted business in this judicial district related to the subject in dispute. Defendants have made, used, offered for sale, sold, and/or imported hair trimmer products containing primary lithium batteries that infringe Energizer's patent rights. Defendants have placed the infringing hair trimmer products in the stream of commerce with knowledge that the products will be offered for sale and/or sold in Illinois. The infringing products have been offered for sale and sold in Illinois.

## THE PARTIES

4. Plaintiff Energizer Holdings, Inc. is a Missouri corporation. Energizer Holdings, Inc. maintains corporate offices at 533 Maryville University Drive, St. Louis, Missouri 63141. Plaintiff Eveready Battery Company, Inc. is a Delaware corporation. Eveready Battery Company, Inc. maintains corporate offices at 533 Maryville University Drive, St. Louis, Missouri 63141. Energizer is in the business of making, offering for sale, selling and supporting a variety of primary batteries, including but not limited to the Energizer® Ultimate Lithium and Advanced Lithium batteries.

5. On information and belief, Defendant Wahl Clipper Corporation is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2900 North Locust Street, Sterling, Illinois 61081.

6. On information and belief, Defendant Wahl Clipper Ningbo Ltd. is a Chinese corporation with its principal place of business at Xikou, Fenghua, Zhejiang 315502, People's Republic of China. On information and believe, Wahl Clipper Ningbo Ltd. is wholly or majority owned by Wahl Clipper Corporation.

## FACTUAL BACKGROUND

### Energizer's Patents

7. On March 1, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,290,414 (the '414 Patent), for an invention entitled "Separator/Electrolyte Combination For A Nonaqueous Cell." (A copy of the '414 patent is attached herewith as Exhibit A.) Energizer owns all rights, title, and interest in and to the '414 Patent. Energizer has complied with the requirement of 35. U.S.C. § 287(a) by placing a notice of the '414 Patent on packages of batteries that embody the invention.

8. On April 12, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,923,138 (the '138 Patent), for an invention entitled "Housing for a Sealed Electrochemical Battery Cell." (A copy of the '138 patent is attached herewith as Exhibit B.) Energizer owns all rights, title, and interest in and to the '138 Patent.

9. On June 28, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,968,230 (the '230 Patent), for an invention entitled "High Discharge Capacity Lithium Battery." (A copy of the '230 patent is attached herewith as Exhibit C.) Energizer owns all rights, title, and interest in and to the '230 Patent.

10. On August 30, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,007,940 (the '940 Patent), for an invention entitled "Separator/Electrolyte Combination For A Nonaqueous Cell." (A

copy of the '940 patent is attached herewith as Exhibit D.) Energizer owns all rights, title, and interest in and to the '940 Patent.

11. On October 26, 2010, the United States Patent and Trademark Office duly and legally issued United States Reissue Patent No. RE41,886 (the '886 Patent), for an invention entitled "Nonaqueous Electrochemical Cell with Improved Energy Density." (A copy of the '886 patent is attached herewith as Exhibit E.) The '886 Patent is a reissue of U.S. Patent No. 7,157,185 (the '185 Patent). Energizer owns all rights, title, and interest in and to the '886 Patent. Energizer has complied with the requirement of 35. U.S.C. § 287(a) by placing a notice of the '886 Patent and/or the '185 Patent on packages of batteries that embody the invention.

**Wahl's Infringing Products**

12. Wahl is in the business of making, offering for sale, importing, and selling electrical hair clippers and trimmers, including the Lithium Pen Trimmer, pictured below.



13. Wahl's Lithium Pen Trimmer is sold with a primary lithium battery, which Wahl includes in the product packaging. Wahl advertises the battery with the word "Lithium" appearing prominently on the front of the packaging.



14. Wahl also advertises the lithium battery on the back of the product packaging, as follows: "AAA Lithium Battery included. You can get years of use with the included battery."

15. The lithium batteries included with Wahl's Lithium Pen Trimmers are labeled "Great Power" and "LiFeS2 AAA 1100mAh 1.5V." The lithium batteries included with Wahl's Lithium Pen Trimmers are manufactured in the Peoples' Republic of China and supplied by Great Power Battery (H.K.) Co., Ltd.

16. Defendant Wahl Clipper Ningbo Ltd. assembles the Lithium Pen Trimmers in the People's Republic of China.

17. On information and belief, Wahl imports the Lithium Pen Trimmers into the United States and sells the Lithium Pen Trimmers to distributors and/or retailers for retail sale in this district and throughout the United States.

## COUNT I
### Infringement of U.S. Patent No. 5,290,414

18. Energizer hereby re-alleges the allegations of Paragraphs 1-13 as if fully set forth herein.

19. Wahl has been and still is infringing, contributing to the infringement of, and/or inducing the infringement of the '414 Patent by making, selling, using, offering for sale, and/or importing into the United States Lithium Pen Trimmers embodying the patented invention and will continue to do so unless enjoined by this Court.

20. To the extent that Wahl has continued and does continue its infringing activities after receiving notice of the '414 Patent, such infringement is willful, entitling Energizer to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Energizer pursuant to 35 U.S.C. § 285.

21. Energizer has been damaged by Wahl's infringement, which will continue unless enjoined by this Court.

## COUNT II
### Infringement of U.S. Patent No. 7,923,138

22. Energizer hereby re-alleges the allegations of Paragraphs 1-17 as if fully set forth herein.

23. Wahl has been and still is infringing, contributing to the infringement of, and/or inducing the infringement of the '138 Patent by making, selling, using, offering for sale, and/or importing into the United States Lithium Pen Trimmers

embodying the patented invention and will continue to do so unless enjoined by this Court.

24. To the extent that Wahl has continued and does continue its infringing activities after receiving notice of the '138 Patent, such infringement is willful, entitling Energizer to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Energizer pursuant to 35 U.S.C. § 285.

25. Energizer has been damaged by Wahl's infringement, which will continue unless enjoined by this Court.

## COUNT III
### Infringement of U.S. Patent No. 7,968,230

26. Energizer hereby re-alleges the allegations of Paragraphs 1-21 as if fully set forth herein.

27. Wahl has been and still is infringing, contributing to the infringement of, and/or inducing the infringement of the '230 Patent by making, selling, using, offering for sale, and/or importing into the United States Lithium Pen Trimmers embodying the patented invention and will continue to do so unless enjoined by this Court.

28. To the extent that Wahl has continued and does continue its infringing activities after receiving notice of the '230 Patent, such infringement is willful, entitling Energizer to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Energizer pursuant to 35 U.S.C. § 285.

29. Energizer has been damaged by Wahl's infringement, which will continue unless enjoined by this Court.

## COUNT IV
### Infringement of U.S. Patent No. 8,007,940

30. Energizer hereby re-alleges the allegations of Paragraphs 1-25 as if fully set forth herein.

31. Wahl has been and still is infringing, contributing to the infringement of, and/or inducing the infringement of the '940 Patent by making, selling, using, offering for sale, and/or importing into the United States Lithium Pen Trimmers embodying the patented invention and will continue to do so unless enjoined by this Court.

32. To the extent that Wahl has continued and does continue its infringing activities after receiving notice of the '940 Patent, such infringement is willful, entitling Energizer to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Energizer pursuant to 35 U.S.C. § 285.

33. Energizer has been damaged by Wahl's infringement, which will continue unless enjoined by this Court.

## COUNT V
### Infringement of U.S. Reissue Patent No. RE41,886

34. Energizer hereby re-alleges the allegations of Paragraphs 1-29 as if fully set forth herein.

35. Wahl has been and still is infringing, contributing to the infringement of, and/or inducing the infringement of the '886 Patent by making, selling, using,

offering for sale, and/or importing into the United States Lithium Pen Trimmers embodying the patented invention and will continue to do so unless enjoined by this Court.

36. To the extent that Wahl has continued and does continue its infringing activities after receiving notice of the '886 Patent, such infringement is willful, entitling Energizer to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Energizer pursuant to 35 U.S.C. § 285.

37. Energizer has been damaged by Wahl's infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Energizer prays for judgment and relief as follows:

A. A preliminary and permanent injunction against Wahl's continued infringement, inducing of infringement, and contributing to infringement of the '414, '138, '230, '940 and/or '886 patents (collectively the "Asserted Patents");

B. An award of damages in favor of Energizer and against Wahl sufficient to compensate Energizer for Wahl's infringement of the Asserted Patents, and an assessment of prejudgment interest and post-judgment interest;

C. Trebling of damages for willful infringement pursuant to 35 U.S.C. § 284;

D. A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

E. An award to Energizer of its reasonable expenses, including attorneys' fees, and costs of this action; and

F.  Such other and further relief as the Court finds just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff Energizer hereby demands a trial by jury on all issues so triable.

Dated: April 11, 2012  Respectfully submitted:

  s/ Charles M. McMahon
Gary M. Ropski
Charles M. McMahon
Bryan Leitenberger
Jeremy S. Snodgrass
BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299
Email:  gropski@brinkshofer.com
cmcmahon@brinkshofer.com
bleitenberger@brinkshofer.com
jsnodgrass@brinkshofer.com

*Attorneys for*
ENERGIZER HOLDINGS, INC. and
EVEREADY BATTERY COMPANY, INC.